## WILLIAMS, receiver, *v.* CALLAN COURT CO. *et al.*

1. Where an officer of a corporation, which had a lien for material furnished for the construction of a dwelling, was, at the instance of such corporation, appointed receiver of such building, which was unfinished, under an order authorizing the receiver to complete the building, and giving to him a lien for the costs of labor and material necessary to complete such building, to the extent of $3,245, which lien was to be second to that of a named trust company, and superior to that extent to the lien of the Callan Court Company, and further giving to the receiver a lien for any excess of cost of labor and material necessary for the completion of such building over and above such amount, but inferior to that of the last-named company; and where such officer accepted the appointment as receiver under the above terms and conditions, his acceptance of the appointment imposed upon him the obligation to the court and to the parties to complete the building, and to accept payment for the labor and material necessary to do the work upon the terms named in this order, and for a breach of his obligation to do this he became liable for the reasonable cost of the labor and material necessary to complete his unfinished job; and the court properly deducted from the above sum, for which the receiver had a lien superior to Callan Court Company, the reasonable and necessary cost of labor and material necessary to complete the building.

2. By the express terms of the order appointing the receiver, no expenses incurred in the receivership proceedings should be paid ahead of the Callan Court Company, except the sum of $3,245. Under this provision of the order of his appointment, the court did not err in refusing to award the receiver compensation for services rendered in supervising the completion of the building, as such compensation would come ahead of the claim of the Callan Court Company; the funds in the hands of the receiver not being sufficient to pay the lien of said company.

No. 5121.   JANUARY 16, 1926.

Money rule.   Before Judge E. D. Thomas.   Fulton superior court.   September 12, 1925.

*McElreath & Scott,* for plaintiff in error.

*Claude Brackett, W. T. Moyers, J. H. Porter,* and *Napier, Wright & Wood,* contra.

HINES, J.   A lot, with an unfinished dwelling-house ·thereon, was levied upon under an execution in favor of the Colonial Trust Company against Brackett, and the sheriff was advertising it for sale under this levy.   Marbut-Williams Lumber Company filed its petition for injunction and receiver against the trust company and Brackett, in which this company alleged, that it furnished to Brackett materials to the amount of $2,800, which were used by

---

Receivers 34 Cyc. pp. 349, n. 27, New; 469 n. 16, New.

him in building this house, and for which it had a duly recorded lien; that there were other recorded liens for labor and material against this property; that the trust company had notice, at the time it made its loan to Brackett and took a lien on this real estate to secure the same, that Brackett intended to improve the same by building a dwelling thereon, and that he intended to buy his lumber and materials for that purpose from petitioner; that for this reason its lien and the other recorded liens against the property were of equal rank with that of the trust company; that if the trust company were permitted to sell the property with the dwelling thereon unfinished, it would not bring enough to pay the liens against it; that Brackett is insolvent; and that if such sale is permitted, it will result in the total loss of the claims of petitioner and the other lienholders. The petitioner prayed that the trust company be restrained from selling the property, that a receiver be appointed, with authority under the order and direction of the court to finish the building, and sell the same for the benefit of all the lienholders, that all persons having liens against the property be made parties, and that the court determine the amount and rank of the liens and distribute the fund arising from the sale of the property among the lienholders. The Callan Court Company filed its special appearance for the sole purpose of resisting the grant of injunction and the appointment of a receiver, and set up that it was the holder of unpaid notes aggregating the principal sum of $1,687.50, and bearing interest from February 28, 1913, given by Brackett for the purchase-money of the land on which this house was built, and secured by his deed thereto, and that it had paid the city taxes for 1923, and had taken a transfer of the tax fi. fa. This company objected to the appointment of a receiver, on the ground that if the property were sold under the execution of the trust company all parties would be able to protect themselves at the sale, and the funds could then be paid out by the court to those entitled to receive the same.

Upon the hearing of the application for receiver and injunction, it was agreed that all parties having claims for labor and material should be made parties defendant; and that, if no good cause to the contrary be shown, a receiver would be appointed to take charge of the property and complete the house. A later hearing of the matter was set for June 28, 1924. At this hearing no parties

appeared, and, there being no objection, J. T. Williams was appointed receiver, with authority to complete the construction of the house. The order appointing the receiver provided "that the cost of labor and material necessary to complete said house by said receiver, up to and including the sum of $3245.00, shall be a lien upon said property, second only to the judgment of the Colonial Trust Company," and that "in the event the labor and material expended by the said receiver amounts to more than $3245.00, then the excess over and above such sum shall be a third lien on said property, and the judgment in favor of Callan Court Company shall be a prior lien to all expenditures by said receiver in excess of $3245.00." This order further provided that "No expense incurred in this proceeding shall come ahead of the claim of the Callan Court Company, except as above."

The receiver was an officer of Marbut-Williams Company. He took charge of the property, and expended $3600.82 toward completing the dwelling. At the time of and before his appointment as receiver, Williams submitted to the court an estimate of the cost of labor and material necessary to complete the house, amounting to $3245. This estimate included the cost of the installation of electric fixtures. This property was sold by the sheriff under the execution of the trust company, and was bought in by Callan Court Company for $7000. By order of the court $3088 was paid to the trust company in payment of its conceded first lien upon this property.

The receiver brought a rule to distribute the balance of the proceeds of the sale, which amounted to $3912. In his rule he claimed that he completed the house at an expenditure of $3600.82, and that this amount should be awarded him out of the above balance; and that he should be allowed out of this fund ten per cent. of the amount expended by him in completing the house, as compensation for his services as receiver in supervising its completion. The Callan Court Company resisted these claims of the receiver, on the ground that he had entered a contract with the parties, by which he was to complete this house; that he was to have a lien second to that of the trust company, and superior to other liens, for $3245 of the cost of completing it, and a lien for any excess over $3245 which it might take to finish the building, which was to be a third lien and inferior to its lien; and that the receiver had

failed to complete the building, for which reason there should be deducted from the $3245, for which he had a lien superior to its claim, the amount which was required to complete the house. On the hearing of the rule the receiver admitted that he had not completed the building, that his estimate of the cost of its completion included the installation of electric fixtures, and that the installation of these fixtures had not been made.

The Callan Court Company, after buying this property, expended $670.93 in completing the house, and insisted that this sum should be deducted from the amount to be awarded the receiver. This sum included $70 for interior finish, $153.82 for electric fixtures, and $53 for screening. In his judgment distributing this fund the trial judge deducted these amounts from the $3245 for which the receiver was to have a lien superior to the claim of this company; directed the balance to be paid to the receiver, less a court expense of $6; and refused to provide any compensation to the receiver. To this judgment the receiver excepted, on the grounds that it was contrary to law, contrary to equity, and without evidence to support it. The specific assignment of error is that the court had no authority to deduct from the amount expended by the receiver in completing this house, as the receiver was acting for the court, and was not under any contract to complete the house according to any certain specifications, but what was to be done toward completing it was a matter resting in his judgment and discretion. He insists that he should have been allowed the full amount expended by him in completing the building, and that he should have been allowed compensation for his services as receiver in supervising the work on the building.

1. Williams was more than the receiver of the court. Under the facts he occupied the dual role of receiver and contractor. The Marbut-Williams Company, of which he was an officer, applied for the receivership. His company thought it would be benefited by the appointment of a receiver. To secure the consent of the parties to his appointment as receiver, he submitted an estimate of the cost of labor and material necessary to complete the dwelling. This estimate amounted to $3245. With this estimate before him, the court appointed Williams receiver, and authorized him to complete the house. For the cost of labor and material, to the extent of said amount, he was to have a lien on the property second only

to that of the trust company, and superior to that of the Callan Court Company. For any excess of such cost over and above said amount, he was to have a lien on the property, but inferior to that of the last-named company. Williams accepted his appointment as receiver under the terms and conditions of this order. Necessarily, it seems to us, his acceptance of this appointment imposed upon him the obligation to the court and the parties to complete this building, and to accept payment for the labor and material necessary to do the work upon the terms named in this order. In the circumstances it was not left to him to say whether he would complete the building or not. What work he would do towards the completion of the dwelling was not left to his discretion. He was bound to finish the structure. For the breach of his obligation to do this he would be liable for the reasonable cost of the labor and material necessary to complete his unfinished job. Under the evidence the trial judge was authorized to find a breach of this obligation, and to deduct from the $3245 coming to the receiver the amounts above specified.

The trial judge did right also in not awarding to the receiver the full amount expended by him in his effort to finish this structure, to the exclusion of the claim of Callan Court Company. For the excess of this expenditure over the $3245 the receiver would only have been entitled to a lien subject to the lien of this company. As there was no fund on which this lien could operate, no award from the funds subject to distribution could be made in favor of the receiver.

2. By the express terms of the order appointing the receiver, no expenses incurred in this receivership should come ahead of the claim of the Callan Court Company, except the $3245 for labor and material furnished by the receiver in finishing the dwelling. As any compensation to the receiver would have come ahead of this claim, the judge, under the letter of the order appointing the receiver, could not allow the same. It was a case of getting blood out of a turnip, which is an impossible feat, even in a receivership proceeding.        *Judgment affirmed.    All the Justices concur.*