HALL *v.* WINGATE.

</div>

HINES, J. Wingate & Hall, a firm composed of R. L. Hall and M. B. Wingate, were conducting a farming business. Dissension arose between them; and on April 7, 1923, Hall filed against Wingate his equitable petition for the dissolution and winding up of the affairs of the partnership. *Hall* v. *Wingate,* 159 *Ga.* 630 (126 S. E. 796). Wingate and J. H. Hall were, by consent, appointed coreceivers of the partnership assets, and their respective duties were defined under the order of the court appointing them. The order appointing the receivers provided that "Said Wingate shall be paid as compensation at the rate of $700.00 per annum, and such supplies as are mentioned in the original

---

Receivers, 34 Cyc. p. 468, n. 3.

agreement attached as an exhibit to plaintiff's petition (being the partnership contract of May 12, 1917), and this shall be in full compensation of his services as receiver and under said contract. . . The compensation of J. H. Hall as receiver shall be hereafter fixed by the court." The receivers remained in possession of the firm assets from April 27, 1923, until May 30, 1925, when the receivers delivered to Wingate all of the partnership assets, in accordance with the provisions of the final decree in the case. Up to that time the receivers continued to hold and operate the partnership property as provided in the order of their appointment. ⟋ The receivers filed separate applications for compensation, and these applications were heard on March 24, 1926. The court awarded to Hall as receiver the sum of $1500, and to Wingate a similar amount, but to include any amounts previously received by him. The order further provided that one half of the amount allowed to each of the receivers should be paid by each of the parties. To the judgment awarding Wingate compensation Hall excepted upon the grounds: (1) that Wingate was a party to the cause in which he was appointed a receiver, and for this reason should not be allowed any compensation other than such as was expressly allowed to him under the order appointing him; (2) that the order appointing Wingate a coreceiver expressly provided that he should be paid compensation for his services as receiver at the rate of $700 per annum; and (3) that it was an abuse of discretion on the part of the judge to grant Wingate, as receiver, any compensation in addition to the $700 per annum and supplies, which were to be paid to him under the order appointing him a coreceiver. *Held:*

1. Conceding, but not deciding, that a party to an action to wind up and dissolve a partnership, who is appointed a receiver of the firm's affairs, is not entitled to compensation, where by consent such party is appointed receiver, and in the order appointing him receiver his compensation is fixed, he will be entitled to the compensation thus fixed.

2. Where a party to a suit is appointed receiver, and under the order appointing him his compensation is fixed at a definite sum, the judge can not allow him additional compensation. *Williams* v. *Callan Court Co.*, 161 *Ga.* 610 (131 S. E. 501). Such order, to which no exception was taken, became binding upon the parties.

3. Properly construed, the order appointing this receiver provides for the payment of his compensation for services rendered thereafter, both as receiver and as partner under the partnership contract, but does not limit the payment of such compensation to the life of said contract, and the same is payable during the period of his services as receiver. This being so, this receiver was entitled to compensation at the rate of $700 per annum, for the period of two years, one month and three days, which would amount to $1464.16. So he was overpaid $35.84. For this reason the judgment is reversed, unless the defendant in error will write off from the judgment awarding him compensation, $35.84, in which event the judgment below will stand affirmed.

*Judgment affirmed, on condition. All the Justices concur except Russell. C. J., and Atkinson, J., who dissent.*

No. 5424. NOVEMBER 20, 1926.

Receivership, etc.   Before Judge Custer.   Baker superior court.
March 24, 1926.

*Benton Odom* and *Samuel S. Bennet,* for plaintiff.

*Pottle & Hofmayer,* for defendant.